## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRAD TOBY,** | **Civil Action No. 16-8179 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **CHARLES GREEN,** | |
| **Respondent.** | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Brad Toby, filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Following an order to answer (ECF No. 2), the Government filed a response to the Petition.  (ECF No. 5).  Petitioner chose not to file a reply.  For the following reasons, this Court will deny the petition without prejudice.

## I.  BACKGROUND

Petitioner, Brad Toby, is a citizen of Trinidad and Tobago who entered this country on a visitor visa in August 1994, with authorization to remain only until February 1995.  (ECF No. 1 at 4).  Petitioner, however, remained in the United States after the expiration of his visa.  (*See* Document 1 attached to ECF No. 5 at 4).  During his overstay in this country, Petitioner has received at least two drug convictions, the first being a November 2005 conviction for possession with intent to distribute marijuana in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) and 2C:35-5(b)(12) (*see id.*), and the second being a 2013 conviction for distribution and possession of cocaine in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) and 2C:35-5(b)(1).  (Document 3 attached to ECF No. 5 at 2-4).  On June 17, 2013, Petitioner was sentenced to nine years imprisonment with

1

a four and a half year period of parole ineligibility for this latter drug offense.  (*Id.*).  Upon Petitioner's release from prison, Petitioner was taken into immigration custody on April 4, 2016. (Document 4 attached to ECF No. 5).  Petitioner has remained in immigration detention since that time.

Petitioner was originally scheduled to have his first appearance before an immigration judge on May 3, 2016, but that hearing was postponed to permit Petitioner time to acquire counsel. (Document 6 attached to ECF No. 5 at 3).  Petitioner's next hearing, which was scheduled for June 7, 2016, was also postponed to permit Petitioner to find an attorney.  (*Id.* at 4).  Although Petitioner had acquired counsel by the next hearing date, which was July 6, 2016, that date was also continued, this time so that Petitioner's counsel could prepare.  (*Id.*).  Petitioner was thereafter scheduled for a hearing on July 27, 2016, but that hearing was rescheduled so that an individual merits hearing could be held.  (*Id.*).  That merits hearing was originally scheduled for November 28, 2016, but Petitioner's counsel again requested a continuance, which resulted in the hearing being rescheduled for February 22, 2017.  (*Id.*).  Neither party has provided the Court with any information about what occurred at the February 2017 hearing. Because Petitioner requested continuances at all of the hearings prior to February 2017, however, Petitioner had yet to file any applications for relief from removal as of the time of the last filing in this matter.  (*See* ECF No. 5 at 17).

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.  *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).


**B.  Analysis**

The parties essentially agree that Petitioner is not yet subject to a final order of removal, and that he is therefore currently detained pursuant to 8 U.S.C. § 1226(c).  The propriety of Petitioner's continued detention is therefore controlled by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015).  In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a period of detention is thus "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

Because of the fact intensive nature of the inquiry involved, the *Diop* court court did not provide a specific length of time beyond which a petitioner's detention would become unreasonable based solely on the passage of time.  S*ee* 656 F.3d at 234; *see also Carter v. Aviles*,

No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014).  While the Third Circuit has refused to adopt a bright line rule for determining the reasonableness of continued detention under § 1226(c), the Court of appeals did provide further guidance on that question in *Chavez-Alvarez*.  In *Chavez-Alvarez*, the Third Circuit held that, absent bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),]  and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute."  783 F.3d at 478.

In this case, the Government argues that, while Petitioner has at this point been held for over eleven months without a bond hearing, the facts of this matter are clearly distinguishable from those in *Chavez-Alvarez* and that Petitioner is therefore not entitled to relief through his current habeas petition.  In making that argument, the Government specifically argues that Petitioner has been responsible for all of the delays in his immigration proceedings and that, because Petitioner had failed to file for relief from removal with the immigration courts as of the date the answer was filed in this matter, Petitioner has not yet provided a good faith basis for disputing his removal.

As this Court has explained,

> the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475.  Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.* While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in

4

such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith. *Id.*

Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2-3 (D.N.J. Dec. 7, 2016).

Petitioner's immigration proceedings are clearly distinguishable from both *Chavez-Alvarez* and *Leslie*. According to the information provided to this Court, Petitioner has been responsible for all of the delay in his immigration proceedings, and as of the filing of the answer, had yet to raise any claims for relief from removal. Thus, although Petitioner has been held for a considerable period of time, it cannot be said that Petitioner has presented any "real issues" to the immigration courts sufficient to establish that he has been litigating his removal in good faith. *See Chavez-Alvarez*, 783 F.3d at 486. It instead appears that Petitioner's case is distinguishable from *Chavez-Alvarez* or *Leslie* because Petitioner is merely "gaming the system to delay [his] removal" and Petitioner should therefore "not be rewarded a bond hearing [he] would not otherwise get under the statute." *Id.* Because Petitioner has delayed the onset of his removal proceedings for months on end, and because Petitioner had, as of the end of December 2016, failed to present any "real

5

issues" to the immigration courts sufficient to show that he was acting in good faith in delaying his immigration proceedings, this Court finds that Petitioner's detention is distinguishable from that at issue in *Leslie* and *Chavez-Alvarez*, and that Petitioner is therefore not entitled to a bond hearing at this time. *Id.* Petitioner's habeas petition shall therefore be denied without prejudice.

## III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

Dated: March 22, 2017                    *s/ Susan D. Wigenton*
                                         Hon. Susan D. Wigenton,
                                         United States District Judge